# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **SHEILA ROYAL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-CV-519-JHP-PJC** |
| | ) | |
| **RICKEY MOHAM, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 6). Petitioner did not file a response to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as time barred.

As a preliminary matter, the Court notes that in the motion to dismiss (Dkt. # 6), counsel for Respondent states that, because Petitioner is in custody pursuant to the challenged State judgment, the State officer having custody of Petitioner is the proper party Respondent. The Court agrees. Petitioner is in custody at Mabel Bassett Correctional Center where Rickey Moham is Warden. Therefore, the proper party Respondent is Rickey Moham, Warden. The Clerk of Court shall be directed to substitute Rickey Moham, Warden, in place of Millicent Embry, as party respondent. The State of Oklahoma shall be dismissed from this action.

## BACKGROUND

The record reflects that at the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-2008-4881, Petitioner Sheila Royal was convicted of Possession of a Controlled Drug, After Former Convictions.  On June 29, 2009, she was formally sentenced in open court to twenty (20) years imprisonment in accordance with the jury's recommendation.  See Dkt. # 7, Ex. 1. Although Petitioner was advised of her appeal rights, she did not perfect a direct appeal.  Id.

On June 13, 2011, Petitioner filed an application for post-conviction relief.  See Dkt. # 7, Ex. 2. By order filed August 12, 2011, the state district court denied post-conviction relief. Id., Ex. 3. On September 21, 2011, Petitioner filed a petition in error at the Oklahoma Court of Criminal Appeals (OCCA).  Id., Ex. 4.  By order filed October 11, 2011, in Case No. PC-2011-0842, the OCCA declined jurisdiction and dismissed the appeal as untimely. Id., Ex. 5.

On September 17, 2012, Petitioner filed her petition for writ of habeas corpus (Dkt. # 1).

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D).  In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period.  § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on July 9, 2009, after the trial judge formally sentenced Petitioner in open court on June 29, 2009, and she failed to file a notice of appeal within ten (10) days of being sentenced. See Rules 2.1(B), 2.5(A), *Rules of the Oklahoma Court of Criminal Appeals* (requiring a defendant to file with the trial court a notice of intent to appeal and designation of record within ten (10) days from the date the Judgment and Sentence is imposed in open court). As a result, her one-year limitations clock began to run on July 10, 2009, see Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011), and, absent a tolling event, a federal petition for writ of habeas corpus filed after July 10, 2010, would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).  Unless Petitioner is entitled to statutory or equitable tolling of the limitations period, her petition, filed September 17, 2012, is untimely.

On June 13, 2011, or more than eleven (11) months after expiration of the federal limitations period, Petitioner filed an application for post-conviction relief. See Dkt. # 7, Ex. 2.  A collateral

petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations.  See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period under 28 U.S.C. § 2244(d)(2).

Petitioner failed to file a response to the motion to dismiss and has not demonstrated entitlement to equitable tolling. Significantly, equitable tolling applies only in "rare and exceptional circumstances."  Gibson, 232 F.3d at 808 (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).  Petitioner has the duty to pursue her federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Nothing in the record suggests that Petitioner is entitled to equitable tolling of the limitations period. She has not demonstrated that she pursued his claims diligently; nor has she met the burden

of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. <u>Gibson</u>, 232

F.3d at 808. Her petition for writ of habeas corpus is time barred.

## *CONCLUSION*

Petitioner failed to file her petition for writ of habeas corpus within the one-year limitations

period. She is not entitled to equitable tolling of the limitations period. Respondent's motion to

dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute

of limitations.

### Certificate of Appealability

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs

that "[t]he district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of

appealability "only if the applicant has made a substantial showing of the denial of a constitutional

right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner

can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a

court could resolve the issues differently, or that the questions deserve further proceedings. <u>Slack

v. McDaniel</u>, 529 U.S. 473 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)). In addition,

when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists

of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing

suggests that the Court's procedural ruling resulting in the dismissal of this action based on the

statute of limitations is debatable or incorrect.  The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      The Clerk of Court shall **substitute** Rickey Moham, Warden, in place of Millicent Embry, as party respondent. The State of Oklahoma is **dismissed** from this action.

2.      Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 6) is **granted**.

3.      The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

4.      A certificate of appealability is **denied**.

5.      A separate Judgment shall be entered in this matter.

DATED THIS 14th day of May, 2013.

James H. Payne
United States District Judge
Northern District of Oklahoma